```
IN THE UNITED STATES DISTRICT COURT
   FOR THE NORTHERN DISTRICT OF ILLINOIS
              EASTERN DIVISION
```

| | |
|---|---|
| JEROME SCARBER,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED AIRLINES, INC.,<br>TRACEY ROSE, ANNELLA SAHLI,<br>and JEFF SMISEK,<br><br>        Defendants. | Case No. 15 C 9147<br><br>Judge Harry D. Leinenweber |

# ORDER

Before the Court is the Defendants' Motion to Dismiss in Part and to Stay Remaining Proceedings [ECF No. 36]. For the reasons stated below, the Court grants the Motion.

# STATEMENT

The Court draws the following facts from the Amended Complaint and assumes they are true. The Plaintiff, Jerome Scarber ("Scarber"), is a flight attendant for United Airlines ("United"). The Defendants are United and several of its agents. In September 2014, United offered certain employees a voluntary retirement package, known as the "early out plan" (or simply, "the plan"). By taking certain administrative steps, qualifying employees could enroll in the plan, retire, and receive a lump-sum payment of $100,000.

Scarber wanted in, so he signed a required document, which he refers to as a "waiver," and submitted it before the deadline. The United administrative agent responsible for processing the waiver told him that he was "all set." However, when United later released the names of employees who received the early out benefit, Scarber was not included. United later informed him that it did not process his application for the program. Scarber subsequently emailed various

United officials (their precise relation, if any, to the plan is unknown), protesting the rejection of his application.

Scarber believes he followed the required procedures. He filed suit in this Court, and now alleges in his Amended Complaint that the Defendants violated his rights under an employment benefit plan governed by ERISA, *see,* 29 U.S.C. § 1001, *et seq*. It is unclear on the face of the Complaint United's reason for denying him participation in the plan, but that doesn't matter at this stage. By law, Scarber must exhaust his administrative remedies before proceeding with his ERISA claim.

Although ERISA is silent on exhaustion, *see,* 29 U.S.C. § 1001, *et seq.*, the Seventh Circuit has held repeatedly that an ERISA plaintiff must exhaust internal administrative remedies prior to filing suit. *See, e.g., Zhou v. Guardian Life Ins.,* 295 F.3d 677, 679 (7th Cir. 2002); *Wilczynski v. Lumbermens Mut. Cas.,* 93 F.3d 397, 401 (7th Cir. 1996). United's early out plan requires an applicant to follow specific procedures, including a specific review process if he receives an "adverse benefit determination." *See,* ECF No. 12, Ex. A. Scarber did not follow these procedures. His Complaint states that a letter sent by his counsel to the CEO of United and "others" (unidentified) at the company exhausted all administrative remedies, but that is insufficient to prove exhaustion. The plan designates a specific administrator for handling grievances, and it contemplates the exchange of various documents relating to any claims before the administrator makes a final, written decision, which must include the reasons for any adverse determination. Scarber does not dispute that he did not contact the proper plan administrator.

Scarber instead argues that United should be estopped from requiring him to exhaust his administrative remedies because it never provided him a copy of the plan. He claims he first read the terms of the plan when United attached a copy to a filing as part of this litigation. *See,* ECF No. 12, Ex. A. That contention is concerning; however, it does not appear that an injustice has occurred warranting estoppel, because the Defendants contend that "the Plan contains no limitations period" and that Scarber "may still submit a claim under

the Plan [and] pursue it through the full administrative process." If that is true, there is little harm to Scarber in having these proceedings stayed while he exhausts his administrative remedies.

The Court assumes the Defendants mean there is no time limit in which to file an initial complaint with the plan administrator, because the plan *does* impose a 60-day window for requesting review of any adverse determination. *See*, ECF No. 12, Ex. A, at pages 7-8. But apparently, the parties agree that Scarber never contacted the appropriate plan administrator, and never received an adverse determination within the meaning of the plan's terms. That would mean the 60-day clock never started running. If Defendants mean otherwise, that could lead to serious problems for them down the road, and Scarber would be entitled to renew his argument for estoppel and request any other available relief in this Court.

Because Scarber has not yet (and still may) exhaust his administrative remedies as required under law and the terms of the plan, the Court stays these proceedings until Scarber resolves his Complaint administratively. This includes a stay on proceedings relating to his negligence claim: as the Defendants point out, the negligence claim would be moot if Scarber were granted benefits under the plan in the course of United's internal review.

Lastly, Scarber explicitly declines to contest dismissal of his claim under the Illinois Human Rights Act for racial discrimination. The Court dismisses that claim accordingly.

The Court grants Defendants' Motion to Dismiss in Part and to Stay Remaining Proceedings [ECF No. 36]. Count V of the Plaintiff's Amended Complaint is dismissed. His claims under ERISA and for negligence are stayed pending his exhaustion of his administrative remedies.

                                                  Harry D. Leinenweber, Judge
                                                  United States District Court

Dated: 6/10/2016